*196
 
 Overton, J.
 
 *
 

 In this case a caveat was instituted in the court below, by smith against the appellee.
 

 
 *197
 
 From the record it appears, that the appellant claims title to a lot of ground in the town of Kingston, by virtue of an occupancy, under the act of Oct. 1806, This act allows a preference of entering and obtaining a title, to all persons who shall be in actual possession of vacant and unappropriated land, on the 1st of May, 1806.
 

 It is admitted, that the appellant was not himself in possession of this lot at, nor previous to the year 1806, but that Stephen Duncan was in actual possession as the act requires, as a tenant to Smith, who was a citizen of the Territory of Louisiana.
 

 The question was, whether any other person than the actual possessor, Duncan, could obtain a title under a claim of occupancy ; or, in other words, whether Smith could maintain such a right through the medium of the possession of his tenant. Kain claims under a common entry without occupancy.
 

 In the inquiries made on this subject, it has been insisted, that it would be contrary to the evident policy of the act, to sustain the claim of the appellant, in allowing these claims ; that the Legislature designed to procure an accession of inhabitants.
 

 It does not appear in this light to the court. The act says, the possessor shall have a preference in obtaining a title to not more than 300 acres, to include the improvement. It is true there was much vacant land in the state, but inhabitants were not wanting at the time this act passed, to secure the citizens from the danger of savages
 
 ;
 
 nor could it have been intended as a reward for the dangers to which these occupants had previously been exposed, for none such existed.
 

 The most prominent object the legislature must have necessarily had in view, was, that this preference should operate as a compensation for the labour and expence of improving. This was just and equitable, as many poor and helpless families had emigrated from other states to this, with the encouraging of prospect of procuring a title to as much land as would enable them to procure a subsistance, in some shape, most frequently with a view of settling lands, to which they, or those under whom they settled, had a claim. In the settlement of a new country boundaries of land are frequently much perplexed, so that it turned out, that instead of settling on patented or entered lands, these emigrants often found themselves on those that were vacant, af
 
 *198
 
 ter having made considerable improvements. The legislature deemed it just, under such circumstances, that they should have an exclusive right, for two years, to procure a warrant, lay it on the land, and procure a title.
 

 In numerous cases, citizens of other states, claiming titles to lands, have sent agents to settle them. The employer was at the whole expence of making the improvement; it would be mortally wrong, that the agent should obtain a title, in consequence of an improvement, when it was not made at his expence
 
 ;
 
 and particularly so, when, by allowing him this right in exclusion of his employer, it would patronize injustice and immorality.
 

 It is believed the act in question does not oppugn these principles of justice. It expressly allows the right to the occupant, or his assignee. In the case of Cooke and Shute, at Nashville, it was decided that Cooke was entitled to an occupant right, though he never had been in actual possession of the land, but he claimed under one who had been, agreeably to the act, and of when he purchased. In substance, the case before the court is the same. Duncan’s possession, according to principles of reason and the common law, was the possesion of Smith. Duncan does not claim a right of occupancy himself, but in substance agrees that Smith may have it, and is equivalent to an assignment. In a dispute between Duncan and Smith, other views would present themselves. But that is not the case
 
 ;
 
 Duncan did not, nor can he now set up any claim to this land, the time for entering having expired. It is immaterial to the state to whom it makes a right in consequence of the improvement; and it does not lie in the mouth of any third person, as Kain is, to take such an exception, when a right of occupancy has been proved to exist. The case in 1 Dall. 126, supports the tenor of this reasoning.
 

 The judgment must be reversed.
 

 *
 

 Absent White, J.